**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**EDWIN H. SEE SR.**                                                                                    **PLAINTIFF**

**VS.**                                         **CASE NO. 3:16CV00003 PSH**

**CAROLYN W. COLVIN, Acting Commissioner,
    Social Security Administration**                                                **DEFENDANT**

**ORDER**

Plaintiff Edwin H. See, Sr., ("See") appeals the final decision of the Commissioner of the Social Security Administration (defendant "Colvin") to deny his claim for Disability Insurance Benefits ("DIB"). See contends the Administrative Law Judge ("ALJ") erred in the following ways: (1) failing to resolve a conflict between the testimony of the vocational expert and the *Dictionary of Occupational Titles* ("DOT"); (2) finding See could perform light work; (3) assessing See's credibility; and (4) failing to adequately develop the record and improperly drawing her own conclusions from the medical records. The parties ably summarized the medical records and the testimony given at the administrative hearing conducted on February 20, 2014[1]. (Tr. 36-64). The Court has carefully reviewed the record to determine whether there is substantial evidence to support Colvin's decision. 42 U.S.C. § 405(g).

**Conflict with the DOT:** At the administrative hearing, vocational expert Myrtle M. Johnson

---

[1] See filed a prior application for DIB benefits in 2010, resulting in an August 2011 denial. The parties agree, based upon the doctrine of *res judicata*, that the period under consideration in this case is from August 27, 2011, through August 29, 2014, when the ALJ issued her decision.

("Johnson") was called to testify about possible jobs for a person of See's age and experience[2] who could perform light work[3] with the following restrictions: occasionally climb stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders; frequently handle, finger, and feel with the right dominant hand but only occasionally handle, finger, and feel with the left hand; and cannot use either arm for overhead reaching. Faced with the foregoing parameters, Johnson testified See could not perform his past relevant work but could perform the job of scaling machine operator. (Tr. 62).

See contends Johnson's testimony is at odds with the DOT's description of the scaling machine operator. Johnson was asked to assume the worker could not use either arm for overhead reaching; the DOT defines the scaling machine operator job as requiring occasional reaching. Colvin does not dispute that an unresolved conflict exists between Johnson's testimony and the cited job. We find there was error in failing to cure this discrepancy.

Colvin urges this error is harmless, however, because of Johnson's answer to a second hypothetical question. The ALJ's second hypothetical question asked Johnson if there were jobs available for a person with all the limitations contained in the first hypothetical question plus "the option to sit or stand at will." (Tr. 62). Johnson replied that such a worker could perform the job of school bus monitor. See argues that this testimony did not cure the earlier error because it, too, conflicts with the DOT. The parties agree that the DOT description of the job of school bus monitor is silent as the sit and stand option. The DOT describes the job as follows:

---

[2] See's experience, according to the ALJ, included "a good, long-term record as a concrete laborer (very heavy work)." (Tr. 24).

[3] Light work is defined as requiring lifting of no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds, and requiring a good deal of walking or standing. SSR 83-10.

> Monitors conduct of students on school bus to maintain discipline and safety: Directs loading of students on bus to prevent congestion and unsafe conditions. Rides school bus to prevent altercations between students and damage to bus. Participates in school bus safety drills. May disembark from school bus at railroad crossings and clear bus across tracks.

DOT 372.667-042.

Colvin notes that the DOT's silence on a given limitation does not necessarily create a conflict between Johnson's testimony and the DOT. Citing *Heilig v. Colvin*, 2016 WL 559220 (E.D. Mo. Feb. 12, 2016), and *Abright v. Colvin*, 2016 WL 98169 (E.D. Mo. Jan. 8, 2016), Colvin contends Johnson's testimony sufficiently resolved the issue regarding the school bus monitor job. The cited cases, however, do not resolve the issue in this case.

In *Heilig*, the ALJ asked if the limitation that "an individual needed to be able to sit and stand at will for brief periods of time in order to make positional adjustments not to exceed a few minutes" would affect the jobs identified by the vocational expert. The ALJ specifically noted that the DOT was silent about the sit/stand option, and the vocational expert offered a detailed explanation, based upon her review of the DOT descriptions and her professional experience, as to why the limited sit/stand option would not eliminate all the jobs.

In *Abright*, the vocational expert testified that a hypothetical claimant could perform various light jobs, and that her testimony did not conflict with the DOT. The District Court found:

> The ALJ gave great time and detail in the exploration of any possible conflict. The ALJ specifically made inquiry of the vocational expert about the difference between light work, which could involve walking up to six hours per day, and her RFC finding that Plaintiff could walk for only one hour per day. In response, the vocational expert opined that there were some jobs within each broad occupational category that she identified which did not involve walking more than one hour per day. Thus, the vocational expert initially responded that there was not necessarily a conflict between the *DOT* and her testimony. After considering the issue further, the vocational expert clarified that there was a conflict between her testimony and a literal reading of the *DOT*. The vocational

3

   expert identified a conflict because the *DOT* does not address every part of the ALJ's RFC assessment, including the need for a sit/stand option. The vocational expert identified a conflict when comparing a literal reading of the *DOT*'s maximum requirements for each occupation with the ALJ's RFC assessment. The Eighth Circuit has rejected that there is a conflict between the need to alternate between sitting and standing and the definition of light work in the *DOT*. *See Reynolds v. Barnhart,* 36 F. App'x 575, 576 (8th Cir. 2002)[4].

2016 WL 98169, at 7 (E.D. Mo., 2016).

  The District Court reiterated later in the opinion that the "ALJ went to great depths to resolve any inadequacies, confusion, or conflict in the testimony of the vocational expert as that might relate to the DOT." Further, the Court emphasized the vocational expert's elaboration on why certain jobs could be performed with minimal walking or with alternating between standing and sitting.

  We do not read *Heilig*, *Abright*, and *Reynolds* as eliminating the need for a vocational expert to explain why See, with the need to sit and stand at will, could perform the job of school bus monitor. A lay person reading the DOT's description of the school bus monitor job could not be expected to say with certainty whether a person needing a sit/stand option could perform the job. Thus, the need for expert testimony is clear. Here, Johnson opined without elaborating that the hypothetical worker could do the school bus monitor job. Johnson also stated her testimony was consistent with the DOT and based upon her knowledge, education, training, and experience. (Tr. 62-63). This superficial testimony is in contrast with the detailed expert testimony given in *Heilig*, *Abright*, and *Reynolds*. Without specific assistance from the

---

[4] Although *Reynolds* is cited for the proposition that there is no inherent conflict between a sit/stand option and light work, the *Reynolds* Court emphasized that the vocational expert provided additional information on why certain jobs allowed workers to alternate between sitting and standing. Thus, the vocational expert's testimony served to supplement the DOT, and the ALJ was entitled to rely upon the vocational expert's testimony.

vocational expert, we find it was error to assume there was no conflict between the job cited by Johnson and the abilities of See.

Based upon the foregoing, this case must be remanded for further proceedings consistent with this opinion.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is reversed and remanded.  This remand is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 22nd day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE